UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BILLY CEPERO,

        Petitioner,

   v.

BRIAN WILLIAMS, et al.,

        Respondents.

Case No. 2:16-cv-00204-RFB-NJK

**ORDER**

    Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondents' motion to dismiss (ECF No. 33), Petitioner's opposition (ECF No. 42), and Respondents' reply (ECF No. 43).[1] Petitioner is no longer in custody pursuant to the judgment of conviction at issue, and the Court lacks jurisdiction. The Court grants the motion to dismiss.

    On April 29, 2010, in Case 09C258233, the state district court convicted Petitioner of three counts of statutory sexual seduction. Ex. 11 (ECF No. 34-11). On May 7, 2010, the state district court entered the judgment of conviction. Ex. 14 (ECF No. 34-14). On September 29, 2011, the state district court entered an amended judgment of conviction. Ex. 26 (ECF No. 34-26). The sentence for count 1 was 24-60 months. Id. at 2. The sentence for count 2 was 24-60 months,

---

[1] Petitioner also filed a surreply (ECF No. 44). The court did not authorize the surreply under Local Rule 7-2, and the court will not consider it.

consecutive to the sentence for count 1. Id. The sentence for count 3 was 24-60 months, concurrent with the sentences for counts 1 and 2. Id.

Petitioner's sentences in Case 09C258233 have expired. The sentence for count 1 expired no later than August 20, 2012. Ex. 58, at 3 (ECF No. 35-23, at 4). The sentence for count 3, which ran concurrent with count 1, also expired no later than August 20, 2012. Ex. 60, at 3 (ECF No. 35-25, at 4). The sentence for count 2, which ran consecutive to count 1, expired no later than June 22, 2015. Ex. 59, at 3 (ECF No. 35-24, at 4). The prison's records confirm that these sentences have expired. Ex. 57 (ECF No. 35-22).

Petitioner currently is in prison on two other judgments of conviction, Cases 09C259021 and 09C259024. Ex. 61 (ECF No. 35-26), Ex. 62 (ECF No. 35-27). The state district court entered these judgments after it entered the judgment in Case 09C258233. These judgments of conviction did not mention the earlier judgment in Case 09C258233. Consequently, under state law the sentences in Cases 09C259021 and 09C259024 run concurrently with the now-expired sentences in Case 09C258233. See Nev. Rev. Stat. § 176.035(1).

The Supreme Court has held that a person may challenge custody pursuant to a consecutive sentence even if the person is not currently serving that sentence. In Peyton v. Rowe, 391 U.S. 54 (1968), the Court held that a person may challenge the validity of a consecutive sentence that had not yet started. In Garlotte v. Fordice, 515 U.S. 39 (1995), the Court held that a person may challenge the validity of a consecutive sentence that had expired. The Court looked upon a series of consecutive sentences as a continuous stream. Id. at 41. Relief on one sentence would advance the ultimate date of release. Id. at 47.

However, Petitioner is serving and has served concurrent sentences. Neither the Supreme Court nor the Court of Appeals for the Ninth Circuit has extended Garlotte and Rowe to concurrent sentences. If the Court were to grant Petitioner relief on these expired sentences, it would have no effect upon his possible release date, because the current sentences ran concurrently with the expired sentences. The Court of Appeals for the Tenth Circuit, surveying the same issue, determined that the reasons behind Garlotte and Rowe do not extend to concurrent sentences. Mays v. Dinwiddie, 580 F.3d 1136, 1140-41 (10th Cir. 2009). This Court agrees with that approach.

Nevada requires a court to impose a special sentence of lifetime supervision upon a person convicted of one of certain sexual offenses. Nev. Rev. Stat. § 176.0931. However, statutory sexual seduction, defined at Nev. Rev. Stat. § 200.368, is not included in the list of sexual offenses that require a special sentence of lifetime supervision. Nev. Rev. Stat. § 176.0931(5)(c). Consequently, Petitioner's sentences for Case 09C258233 have fully expired.[2]

Petitioner argues that he will be subject to supervision and restrictions related to Case 09C258233 in the future. But Petitioner's liberty is not *presently* restrained in relation to this case, and the potential for future restraint does not satisfy the "in custody" requirement. Maleng v. Cook, 490 U.S. 488, 492 (1989). Because Petitioner's sentences in Case 09C258233 have fully expired, he cannot challenge his custody pursuant to the judgment of conviction in that case. Id.

This Court notes that in Cases 09C259021 and 09C259024, the state district court adjudicated Petitioner as a habitual criminal under Nev. Rev. Stat. § 207.010 and imposed sentences of life imprisonment with eligibility for parole after a minimum of 10 years. Ex. 61 (ECF No. 35-26), Ex. 62 (ECF No. 35-27). Section 207.010 requires proof of prior convictions. It is unclear from the exhibits whether the conviction in Case 09C258233 was necessary for the habitual-criminal adjudications and enhanced sentences in the other two cases. However, even if Case 09C258233 affected the sentences in the other two cases, its expiration means that the judgment is conclusively valid. The Court cannot construe the current petition to be a challenge to the validity of the enhanced sentences in the other two cases. Lackawanna County v. Coss, 532 U.S. 394, 403-04 (2001).

Under any possible circumstances, Petitioner's sentences in Case 09C258233 have fully expired, and he no longer is in custody pursuant to that judgment of conviction. The Court lacks jurisdiction to consider his claims.

Reasonable jurists would not find the Court's conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

---

[2] The amended judgment of conviction does not impose a special sentence of lifetime supervision. See Ex. 26 (ECF No. 34-26).

Respondents present other arguments in their motion to dismiss. The Court does not address those arguments because the court lacks jurisdiction to consider the petition.

Petitioner has filed a motion requesting copies of all the motions that he has filed since January 22, 2016 (ECF No. 47), because he wants to re-file his petition in another court. The Court denies this motion because no court, including this one, has jurisdiction to consider his petition.

IT THEREFORE IS ORDERED that Petitioner's motion requesting copies (ECF No. 47) is **DENIED**.

IT FURTHER IS ORDERED that Respondents' motion to dismiss (ECF No. 33) is **GRANTED**. This action is **DISMISSED** for lack of jurisdiction. The Clerk of the Court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: November 23, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge